Richard W. BROWN, Plaintiff–
Appellant,

v.

J. WOOD, Deputy Superintendent of Se-
curity, Mr. Champagne, Sergeant of
E–Block and Involuntary Protective
Custody, Mr. Percelli, Corrections
Counselor in Involuntary Protective
Custody, Daniel Senkowski, Defen-
dants–Appellees.

No. 02–301.

United States Court of Appeals,
Second Circuit.

Feb. 3, 2004.

Richard W. Brown, Alden, NY, pro se.

Nancy A. Spiegel, Senior Assistant So-
licitor General, for Eliot Spitzer, Attorney
General of the State of New York (Frank
Brady, Assistant Solicitor General, of
counsel), for Defendants–Appellees.

PRESENT: CALABRESI,
KATZMANN, and B.D. PARKER, Circuit
Judges.

SUMMARY ORDER

In March 1999, Richard Brown, an inmate incarcerated in the Clinton Correctional Facility, filed this 42 U.S.C. § 1983 claim, charging various prison officials with failing to fulfill their duties under the Eighth Amendment of the U.S. Constitution. Summary judgment was granted in favor of the defendants, and Brown now appeals.

We review a grant of summary judgment *de novo* and resolve all ambiguities and draw all factual inferences in favor of the non-moving party. *See Brown v. Henderson*, 257 F.3d 246, 251 (2d Cir. 2001). The following facts are undisputed. In 1997, prison officials received an anonymous note indicating that Brown was going to be stabbed by a fellow inmate. As a result of the threat, and against his wishes, Brown was placed in Involuntary Protective Custody for eighteen months. During that period, defendants sought to transfer him to other locations, but their requests were denied by individuals in the central office who have not been sued. Defendants also investigated the note and failed to substantiate it or to find any evidence of continuing threat. After eighteen months had passed, Brown requested that he be allowed back into the general population, and the defendants complied. A few days later Brown suffered a very serious assault at the hands of a fellow prisoner.

Brown alleges that the defendants evinced deliberate indifference to a known substantial risk to his person when they released him into the general population. But the undisputed facts, while they could support a finding that the defendants erred in returning Brown to the general population, constitute no evidence of deliberate indifference in doing so. *See Farmer v. Brennan*, 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). We have considered all of petitioner's claims and find them meritless. We therefore AFFIRM for substantially the reasons stated by the district court.